IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TERRANCE ALLEN BARGNARE,
    Petitioner,

vs.                                      Case No.:  3:14cv567/MCR/EMT

STATE OF FLORIDA,
    Respondent.
_____/

## ORDER and REPORT AND RECOMMENDATION

    Petitioner, a non-prisoner proceeding pro se, commenced this action by filing an "Emergency Petition for Writ of Prohibition" (doc. 1).  He has also filed a motion to proceed in forma pauperis (doc. 2).  Good cause having been shown, leave to proceed in forma pauperis shall be granted.

    The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2(E); *see also* 28 U.S.C. § 636(b)(1)(B), (C).  Upon review of the parties' submissions, it is the opinion of the undersigned that this case should be dismissed for lack of jurisdiction.

    Petitioner filed his petition under Rule 9.100(d) of the Florida Rules of Appellate Procedure (doc. 1 at 1).  He alleges a criminal proceeding is currently pending against him in the Circuit Court in and for Escambia County, Florida (*id.* at 1–5, *see also* attachments).  He states he filed a motion to recuse the presiding state court judge, the Honorable Jan Shackelford, from the criminal proceeding, but she denied the motion (*id.*).  Petitioner seeks a writ of prohibition prohibiting Judge Shackelford from further participation in the state criminal case and assigning a new judge to the case (*id.*).

    Rule 8 of the Federal Rules of Civil Procedure provides that the initial pleading must contain "a short and plain statement of the grounds for the court's jurisdiction."  Fed. R. Civ. P. 8(a)(1).

Subject-matter jurisdiction in federal court may be found under either 28 U.S.C. § 1331, federal question, or 28 U.S.C. § 1332, diversity. For federal question jurisdiction, the plaintiff must allege a violation of his constitutional rights or a right created under a federal law. 28 U.S.C. § 1331. For diversity jurisdiction, the plaintiff must allege that he and the defendant are citizens of different states, and the matter in controversy exceeds the jurisdictional amount set forth in the statute. 28 U.S.C. § 1332.

A federal court must dismiss a case whenever it appears the court lacks subject matter jurisdiction. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999) (citations omitted); Tylon v. Kloak, 98 Fed. Appx. 511, 2004 WL 729173, at **1 (7th Cir. 2004). The absence of jurisdiction may be raised at any time during the case, and may be based on the court's review of the evidence. Lovern, 190 F.3d at 653 (citations omitted). Addressing jurisdictional issues at the outset of the litigation is often the most efficient procedure. *Id.* (citations omitted). A district court may address its lack of subject matter jurisdiction in two ways: the court may find insufficient allegations in the pleading, viewing the alleged facts in the light most favorable to the plaintiff, similar to an evaluation pursuant to Rule 12(b)(6), or, after an evidentiary hearing, the court may weigh the evidence in determining whether the facts support the jurisdictional allegations. *Id.* (citations omitted). The burden is on the party asserting jurisdiction to demonstrate that jurisdiction in fact exists. *Id.* at 654 (citing Thomas v. Gaskill, 315 U.S. 442, 446, 62 S. Ct. 673, 86 L. Ed. 2d 951 (1942)).

In the instant case, Petitioner cites a state rule of appellate procedure as the jurisdictional basis for this action, which is insufficient to invoke the jurisdiction of this federal court. Additionally, a writ of prohibition is a means of confining or compelling the exercise of jurisdiction of an "inferior court" such as a lower federal court. *See* Olivier-Ward v. Blackwell, 127 F.3d 1106 (9th Cir. 1997) (citation omitted). It is not a means for invalidating an order or judgment of a non-subordinate court such as a state court. *Id.* Because Petitioner has asserted no basis for federal jurisdiction of this matter, his petition should be dismissed.

Accordingly, it is **ORDERED**:

Petitioner's motion to proceed in forma pauperis (doc. 2) is **GRANTED**.

And it is respectfully **RECOMMENDED**:

1. That this action be **DISMISSED**.
2. That the clerk enter judgment accordingly and close the file.

At Pensacola, Florida, this 27th day of October 2014.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).